UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CV2519 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| TWENTY-TWO (22) FIREARMS AND | ) | |
| 6,367 ROUNDS OF AMMUNITION, | ) | |
| Defendants. | ) | |

### CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon the Motion (ECF DKT #9) of the United States of America for Summary Judgment. For the following reasons, the motion is granted.

### I. FACTUAL BACKGROUND

This is a civil forfeiture action against Defendant Twenty-Two Firearms and 6,367 Rounds of Ammunition. The Claimant is Jerry Michael Wood.

On March 4, 2005, a state search warrant was executed at the residence of Jerry Michael Wood, located in Cleveland Heights, Ohio; and the search resulted in the seizure of the Defendant Firearms and Ammunition described in the attachment to the Complaint. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") adopted the seizure for the

purpose of commencing a federal Administrative Forfeiture proceeding. Wood filed a claim of ownership, requiring the institution of this Judicial Forfeiture action on October 26, 2005.

Pursuant to 18 U.S.C. § 924(d)(1), any firearm or ammunition involved in any knowing violation of 18 U.S.C. § 922(g) (i.e., possession of firearms or ammunition, having been convicted of a crime punishable by imprisonment for a term exceeding one year) is subject to forfeiture to the United States.

On September 22, 1978, Wood entered a plea of guilty to an Information filed in Criminal Case No. 78-69, Middle District of Pennsylvania. The Information charged that Wood knowingly and unlawfully received a firearm, that is, a submachine gun, which had been shipped and transported in interstate commerce. On the date of Wood's sentencing, October 20, 1978, this offense was a crime punishable by imprisonment for a term exceeding one year.

Claimant Wood argues: (1) that notice of the original Administrative Forfeiture proceeding was untimely; (2) that on June 24, 2005, his conviction in Criminal Case No. 78-69 was expunged; and (3) that his conviction in Criminal Case No. 78-69 was unconditionally discharged and set aside under the former Federal Youth Corrections Act ("FYCA").

## II. LAW AND ANALYSIS

### Notice

Pursuant to 18 U.S.C. § 983(a)(1)(A)(iv): "In a case in which the property is seized by a State or local law enforcement agency for the purpose of forfeiture under Federal law, notice shall be *sent* not more than 90 days after the date of seizure by the State or local law enforcement agency." (Emphasis added). ATF commenced the Administrative Forfeiture

proceeding by notice letter to Wood dated May 17, 2005. less than ninety days after the seizure by the Cleveland Heights Police Department. (Exhibit 3 to ECF DKT #9) In a reply brief (ECF DKT #12), Wood says he did not *receive* that notice. The applicable statute requires the notice be *sent* within the ninety-day period — which it was. Wood responded and made a claim as to the seized property, which necessitated the instant court action. The Court finds the statutory notice requirements of Civil Forfeiture have been satisfied.

## Standard of Review

## Motion for Summary Judgment

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Raceway Park, Inc. v. Ohio*, 356 F. 3d 677, 682 (6th Cir. 2004). The burden of showing the absence of any such genuine issues of material fact rests with the moving party. *Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 248 (1986). Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e).

In ruling upon the motion, the Court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *Raceway Park*, 356 F. 3d at 682. However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*. 48 F. 3d 937, 941 (6th Cir.

1995) (citing *Celotex*, 477 U.S. 317).

**Expungement**

Claimant Wood asserts his conviction in Middle District of Pennsylvania Criminal Case No. 78-69 was expunged. The United States acknowledges the Order of U.S. District Judge William J. Nealon, dated June 24, 2005, granting the application of Jerry Michael Wood for expungement. However, that relief was granted to Claimant nearly four months after the seizure of the Defendant Firearms and Ammunition at Wood's Cleveland Heights home. Because the 1978 conviction in Criminal Case No. 78-69 was a firearms disabling offense at the time Wood knowingly possessed the firearms and ammunition, the subsequent expungement is immaterial. It is the offender's status on the date he possessed the defendant firearms that controls, not a change in status which occurs post-seizure. *See, United States v. Morgan*, 216 F.3d 557, 566 (6th Cir. 2000).

**Unconditional discharge**

Claimant Wood recognizes the key issue is whether his conviction in Criminal Case No. 78-69 was unconditionally discharged and set aside under the FYCA. Wood relies upon a document captioned "Certificate of Parole" and dated June 18, 1984. The United States submits the Declaration of Rockne Chickinell, General Counsel of the United States Parole Commission in Chevy Chase, Maryland. In his capacity with the Parole Commission, Mr. Chickinell has provided advice to Commissioners, agency staff, and interested third-parties on matters pertaining to the FYCA. Mr. Chickinell examined the Claimant's Certificate of Parole, and avers that the certificate notifies the prisoner of the duration of his parole, the

geographical area to which he is confined, and the conditions with which he must comply. Mr. Chickinell further opines that the Parole Commission is authorized to unconditionally discharge the youth parolee from supervision and set aside the youth sentence under the FYCA. In that event, however, the Parole Commission would issue a Certificate Setting Aside Conviction.

The affidavit evidence before the Court is unrefuted; and Wood's only documentary evidence is the Certificate of Parole, which does not effect an unconditional discharge under the FYCA nor set aside his conviction.

Thus, Claimant Wood has not satisfied his burden of producing competent Rule 56 evidence, creating a genuine issue of material fact as to whether the weapons in his possession on March 4, 2005 were subject to forfeiture.

### III. CONCLUSION

For the foregoing reasons, and upon consideration of the arguments, evidence, and applicable law, this Court finds the Defendant Twenty-Two Firearms and 6,367 Rounds of Ammunition are subject to forfeiture; and the United States is entitled to judgment as a matter of law on its Civil Forfeiture Complaint. The Motion of the United States of America for Summary Judgment is therefore granted.

**IT IS SO ORDERED.**

DATE: 2/2/07

CHRISTOPHER A. BOYKO
United States District Judge

FILED
FEB 2 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND